IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KOSS CORPORATION,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | 6-20-CV-00664-ADA |
| | § | |
| SKULLCANDY, INC.,<br>*Defendant.* | §<br>§<br>§<br>§ | |

**ORDER GRANTING SKULLCANDY, INC.'S
MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(b)(3)**

Came on for consideration this date the Motion of Defendant Skullcandy Inc. to Dismiss for Improper Venue under Rule 12(b)(3). Def.'s Mot. to Dismiss, ECF No. 16. The Court has considered the Motion, all relevant filings, oral argument, and the applicable law. For the reasons set forth below, the Court finds that Defendant's Motion should be **GRANTED** for the following reasons.

## I. BACKGROUND

Plaintiff Koss Corporations filed its Complaint in this Court on July 22, 2020 against Skullcandy Inc. alleging direct and indirect infringement of certain Patents owned by Koss. Pl.'s Compl. ECF No. 1. Koss's Complaint states that venue is proper in the Western District of Texas because Skullcandy has transacted business in this District. *Id.* at ¶ 9–10.

Skullcandy filed a Motion to Dismiss for Improper Venue under Rule 12(b)(3) on September 8, 2020 alleging that Skullcandy neither resides in the Western District of Texas nor does it have a "regular and established place of business" in Texas. Def.'s Mot. at 1. Koss filed a response opposing the motion on September 22, 2020 stating that Skullcandy does have a "regular and established place of business" in this District. Pl.'s Resp., ECF No. 18. Skullcandy filed a reply on September 28, 2020. Def.'s Reply. ECF No. 19. On January 27, 2021, the Court

held a hearing on the Motion and granted limited discovery. ECF No. 24. Koss filed a sur-reply on February 8, 2021. Pl.'s Sur-Reply, ECF No. 25-2. Skullcandy filed a sur-sur-reply on February 12, 2021. Def.'s Sur-Sur-Reply, ECF No. 27-1. On March 17, 2021, the Court held a second hearing to hear oral argument on the motion and supplemental briefings. ECF No. 32.

## II.     LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(3), a court may dismiss a case when venue is "wrong" or "improper" in the forum where the case was filed. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing proper venue. *Slyce Acquisitions Inc. v. Syte – Visual Conceptions Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019). The plaintiff need only make a prima facie showing to establish venue if the court does not hold an evidentiary hearing. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Court must accept all allegations in the plaintiff's complaint as true and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir). The Court may consider evidence in the record beyond the facts alleged in the complaint and its admissible attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). If venue is improper and timely challenged, the court has discretion to dismiss or transfer the case. *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir.).

Patent Venue Statute 12 U.S.C. § 1440(b) is the "sole and exclusive provisions controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Under the Patent Venue State, a plaintiff may establish venue in the district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1440(b). A defendant has a "regular and established place of business" in any district where (1) a defendant

has a physical place, (2) the physical place is a regular and established place of business, and (3) the physical place is the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Koss points out that Skullcandy does not dispute that it is subject to personal jurisdiction in this Court. Pl.'s Resp. at 2. But the standard for regular and established place of business requires more than the minimum contacts standard necessary under personal jurisdiction. *In re Cray Inc.*, 871 F.3d at 1360.

A "place" requires a "building or part of a building set apart for any purpose" or "quarters of any kind" where business is conducted. *Id.* at 1362. "Regular" indicates a steady, uniform, orderly, and methodical manner of business operations. *Id.* "Established" denotes that the place of business is settled certainly or fixed permanently. *Id.* Courts should consider whether the defendant lists the place of business on its website or other directory, or whether the defendant's name appears on the building's sign. *Id.* at 1363–64. The fact that the defendant advertised the place as its place of business or has an office in that place is not sufficient to establish venue. *Id.* at 1364. "The defendant must actually engage in business from that location." *Id.*

A defendant need not own real property in the district to fulfill the venue requirement. *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020). Rather, the defendant can meet the statutory requirement by possessing or controlling any physical place in the district. *Id.*

### III.   ANALYSIS

Skullcandy asserts that Koss cannot establish proper venue in the Western District of Texas because Skullcandy does not reside in or have a "regular and established place of business in this District." Def.'s Mot. at 1. Koss believes Skullcandy leases and has control over shelf-space in certain retail stores in the Western District of Texas and, thus, has a regular and

established place of business in this District. Pl.'s Resp. at 3–5. Skullcandy contends that it does not have control over any shelf-space in Texas. Def.'s Reply at 4–5.

Koss failed to establish that venue is proper in this District because it cannot show that Skullcandy resides in Texas or that Skullcandy has a regular and established place of business in Texas.

**A.     Skullcandy Does Not Reside in the Western District of Texas.**

There is no question, and Koss does not contend, that Skullcandy does not reside in Texas. Def.'s Mot. at 2; Pl.'s Resp. at 2. Rather, Skullcandy is a Delaware corporation. Def.'s Mot. at 2; Pl.'s Resp. at 2. All parties agree that venue is not proper under the first prong of the Patent Venue Statute. *TC Heartland*, 137 S. Ct. at 1517; Def.'s Mot. at 2; Pl.'s Resp. at 2.

**B.     Skullcandy Does Not Have a Regular and Established Place of Business in the Western District of Texas.**

The Court finds that Koss failed to prove that Skullcandy has a regular and established place of business in this District because Skullcandy (1) does not lease or own any real property in Texas; (2) does not possess or control any shelf-space in Texas; and (3) does not employ any persons in Texas.

*i.     Skullcandy Does Not Lease or Own Any Real Property in Texas.*

Skullcandy stopped using its last physical store in Texas in 2014 and filed a Certificate of Withdrawal of Registration with the Texas Secretary of State in 2017. Def.'s Mot. at 3. Koss also does not contend that Skullcandy owns any real property in Texas. *See generally* Def.'s Mot. Therefore, the Court finds that Skullcandy does not lease or own any real property in Texas.

*ii.    Skullcandy Does Not Possess or Control Any Shelf-Space in Texas.*

Leased shelf or rack-space can serve as a "regular and established place of business" under the Patent Venue Statute if the defendant also has an employee or agent conducting

4

business in that district. *In re Google LLC*, 949 F.3d at 1343–44 (holding that shelf-space did not constitute a regular and established place of business for the defendant within the district because the defendant had no employee or agent regularly conducting its business at the alleged place); *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 WL 4524119, at *1 (E.D. Tex. May 2, 2018) (holding that shelf-space constituted a regular and established place of business for the defendant because the defendant employed third-parties to facilitate movement of its products, manage the merchandisers, help procure the best available space, and monitory the sales within the retail stores).

    Koss contends that Skullcandy has a "regular and established place of business" in this District because Skullcandy leases and controls shelf-space in various retail stores in this District. Pl.'s Resp. at 3–5. Specifically, Koss alleges that Skullcandy pays Best Buy for advertisement and product placements in Best Buy's stores. *Id.* at 3–4. Koss also alleges that Skullcandy provides its products to Office Depot in Waco or Austin on consignment. *Id.* at 4. Thus, Koss contends that since Skullcandy retains ownership over its products while they are on display in Office Depot's shelf-space, Skullcandy has possession and control over such shelf-space. *Id.* Furthermore, since Office Depot sells Skullcandy's products on consignment, Koss alleges that Office Depot is effectively Skullcandy's agent. *Id.* at 4–5 (citing *United States v. Menier Hardware No. 1, Inc.*, 219 F. Supp. 448, 460 (W.D. Tex. 1963) ("consignment of goods for sale is bailment and does not imply a sale, but imports an agency with title in the consignor")).

    In its Reply, Skullcandy counters that it does not pay Best Buy for product advertising and placement in its stores. Pl.'s Reply at 3. Skullcandy points out that Koss's alleged evidence of such arrangement is that Best Buy receives "funds from certain vendors" but Koss does not

5

prove specifically that Skullcandy is one of those vendors. *Id.*; Def.'s Resp. Ex. B at 53, ECF No. 18-3. Skullcandy alleges that the mere fact that its products are sold on "endcaps" in Best Buy stores does not prove Skullcandy has possession or control over such shelf-space. Pl.'s Reply at 3–4. Although Skullcandy pays Best Buy "marketing development funds," Skullcandy states that Best Buy retains sole control and discretion over the manner in which Skullcandy's products are sold. *Id.* at 4. Skullcandy evidences its lack of control over the "endcaps" by stating that that if it did have control, Skullcandy would not permit Best Buy "to leave so many empty pegs and shelves without Skullcandy products." *Id.* (citing Def.'s Resp. Ex. A, ECF No. 18-2, at 4-6, 8, 10, 12).

Skullcandy also contends that it does not sell its products to Office Depot on consignment; rather, Office Depot purchases Skullcandy's products directly from Skullcandy and controls its own shelves. *Id.* at 4–5. Moreover, Skullcandy alleges that this is the agreement it has with every one of the retail stores mentioned in Koss's Complaint. *Id.* at 5. Skullcandy points out that the agreement Koss cites to in alleging consignment is between Office Depot and SupportSoft, Inc., a party unrelated to Skullcandy. *Id.* at 4; Ex. C (18-4). Skullcandy has filed a supporting affidavit by Ms. Hindman, Skullcandy's Chief Financial Officer, that states the former. Hindman Supp. Decl. ECF No. 19-1.

Koss argues that the Court should disregard Ms. Hindman's declarations, asserting that such statements regarding Skullcandy's arrangements with its Texas retailers are not within the purview of her position and cannot be relied on. Pl.'s Sur-Reply at 2. The Court disagrees. Ms. Hindman, as Chief Financial Officer, is in an appropriate position to testify about such issues. It is clear from Ms. Hindman's declaration that she is sufficiently familiar with Skullcandy's arrangements with its Texas retailers. Ms. Hindman stated that Skullcandy does not consign

products for sale by Office Depot and that Skullcandy does not have control over how Office Depot stocks and places Skullcandy's products in Office Depot stores. *See* Hindman Supp., Decl. ECF No. 19-1 at ¶ 7. Ms. Hindman also made similar statements addressing Skullcandy's arrangements with Target, Kohl's, Office Max, and Wal-Mart. *See id.* at ¶ 8. Koss failed to rebut these statements with any evidence to the contrary. As such, this Court finds that Skullcandy does not have possession or control over any shelf-space in Texas to give it a regular and established place of business in this District.

### *iii.    Skullcandy Does Not Employ Any Persons in Texas.*

A defendant has a "regular and established placed of business" in districts where their employees work, even if those employees are working from home. *In re Cordis Corp.*, 769 F.2d 733, 735, 737 (Fed. Cir. 1985); *In re Cray*, 871 F.3d at 1362. Therefore, the Court examines whether any of Skullcandy's employees worked in this District, even if working from home, on July 22, 2020, the day Koss's Complaint was filed.

Skullcandy states it has not had a Texas employee since November 2016. Def.'s Mot. at 3. Due to the pandemic, Skullcandy did have employees who worked from home for a period of time. Pl.'s Resp. at 5–6. Koss contends that Skullcandy may have employees working from home in Texas, or employees who worked from home on July 22, 2020. *Id.* at 6. Skullcandy rebutted this statement, unequivocally asserting that none of its employees that work from home live in the state of Texas. Pl.'s Resp. at 6; Hindman Supp. Decl. at ¶ 5. Thus, the Court finds that Koss cannot establish that Skullcandy has a regular and established place of business in this District through employees working from home in this District.

## IV.     CONCLUSION

For the reasons stated above, it is **ORDERED** that Skullcandy's Motion to Dismiss for Improper Venue is **GRANTED**.

SIGNED this 31st day of March, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE